UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Chadriquez Williams,<br><br>PETITIONER<br><br>v.<br><br>Warden Dobbs, *FCI Williamsburg*,<br><br>RESPONDENT | Case No. 8:20-cv-03004-TLW<br><br><br>**ORDER** |

Petitioner Chadriquez Williams, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 8. In the Report, the magistrate judge recommends that the petition be dismissed. Petitioner filed objections to the Report. ECF No. 11. This matter is now ripe for decision.

## STANDARD OF REVIEW

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review

> of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, both the Report and Petitioner's objections.

## PROCEDURAL BACKGROUND

On August 4, 2010, Petitioner was convicted by a jury in the United States District Court for the Western District of Virginia to Counts 1, 2, and 3 of an Indictment at case number 4:09-cr-00039-MFU, charging him with possession with intent to distribute marijuana (Count 1) and use and possession of a firearm during and in relation to a drug trafficking offense (Counts 2 and 3).[1] On October 22, 2010, the Honorable Samuel G. Wilson sentenced Petitioner to a total term of imprisonment of 438 months, consisting of 18 months as relates to Count 1, 120 months as to Count 2, and 300 months as to Count 3, all to be served consecutively.

On July 1, 2011, the Fourth Circuit Court of Appeals vacated Petitioner's sentence and remanded the case to the sentencing court for the limited purpose of resentencing. On remand, the sentencing court dismissed Count 3 of the Indictment

---

[1] The Court has carefully reviewed the records cited by the magistrate judge in her report. Moreover, the Court takes judicial notice of the records in Petitioner's criminal case and his appeals filed in the Fourth Circuit Court of Appeals. *See Philips v. Pitt Cty. Mem. Hosp.*,572 F.3d 176, 180 (4th Cir. 2009) (explaining courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

and resentenced Petitioner on October 18, 2011, to a total term of imprisonment of 360 months, consisting of 18 months at Count 1, and 342 months at Count 2 to be served consecutively to Count 1. Petitioner again appealed his conviction and sentencing, but the Fourth Circuit Court of Appeals affirmed the sentencing court's amended judgment.

Petitioner then filed a second motion pursuant to 28 U.S.C. § 2255 in the sentencing court on July 17, 2018. However, the sentencing court denied his motion on August 9, 2018, as a successive petition. The Fourth Circuit affirmed the sentencing court's opinion and order on November 20, 2018.

Petitioner now seeks habeas relief pursuant to 28 U.S.C. § 2241 in this Court, claiming that his sentence is unconstitutional because he is not a career offender under § 4B1.1 of the Guidelines because he is actually innocent of the predicate offense. Petitioner contends that he meets the savings clause test announced in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). For his relief, Petitioner requests that the Court vacate his sentence.

In her Report, the magistrate judge recommends that the Petition be dismissed because Petitioner cannot meet the four-part savings clause test articulated in *Wheeler*. ECF No. 8 at 7. Specifically, the magistrate judge concludes that Petitioner cannot meet the second element of the test, which requires that "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review."

*Id.* (citing *Wheeler*, 886 F.3d at 429). In support of this position, the magistrate judge notes that Petitioner has not pointed to any substantive law change subsequent to his first § 2255 motion that has been applied retroactively on collateral review and that the case Petitioner relies on, *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016), neither announces a substantive change to the law nor applies retroactively for collateral review. *Id.* at 7–8. As discussed below, Petitioner objects to this conclusion and requests that the Court reject the Report. ECF No. 11.

## ANALYSIS

Petitioner brings this action pursuant to § 2241. Unlike a § 2255 motion, which is filed in the sentencing court, a § 2241 petition is filed in the district where the petitioner is incarcerated. *See* 28 U.S.C. § 2241(a); *In re: Jones*, 226 F.3d 328, 332 (4th Cir. 2000). This is because a § 2241 petition generally "attacks the execution of a sentence rather than its validity," whereas a § 2255 motion "attacks the legality of detention." *Rice v. Lamanna*, 451 F. Supp. 2d 755, 758 (D.S.C. 2006) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).

As the magistrate judge correctly recognized, Petitioner is attacking the legality of his detention claiming that his sentence is unconstitutional because he is not a career offender under § 4B1.1 of the United States Sentencing Guidelines because he is actually innocent of the predicate offense. ECF No. 8 at 3. Generally, a federal defendant challenging his sentence must pursue that challenge via a § 2255 petition unless he can satisfy the test established by the Fourth Circuit in *Wheeler*

for evaluating whether a petitioner meets the savings clause under § 2255 when he contests his sentence. As the magistrate judge correctly concluded, Petitioner cannot satisfy that test here. ECF No. 8

Section § 2255's savings clause "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in exceptional circumstances." *Wheeler*, 886 F. 3d at 425.[2] In other words, a § 2241 petitioner's action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. In *Wheeler,* the Court held that § 2255 is inadequate and ineffective to test the legality of a sentence when the following requirements are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429. Thus, unless Petitioner could demonstrate that he satisfied the above requirements, § 2255's savings clause does not apply, and this court has no "power to act" on his § 2241 claim. *Id.* at 424.; *see also Rice v. Rivera*, 617 F.3d 802, 810 (4th

---

[2] The § 2255 savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Cir. 2010) ("Jurisdictional restrictions provide absolute limits on a court's power to hear and dispose of a case, and such limits can never be waived or forfeited.").

In the petition, Petitioner asserts "that his two prior convictions for Distribution of Marijuana are not valid predicate offenses for the career offender enhancement[.]" ECF No. 1–1 at 5.[3] He further asserts "that the district court and the probation office wrongfully separated his two prior marijuana offenses and erroneously employed them to designate him as a career offender[.]" *Id.* at 7. Petitioner has not cited to any caselaw supporting either of these assertions. More specifically, Petitioner provides no case law that shows the two distribution convictions are not valid predicates or that they were wrongfully separated as predicate offenses under Virginia law.

---

[3] The Court notes that Petitioner recently raised the same argument before the sentencing court in Virginia via a 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. *See United States v. Williams*, 4:09-cr-00039-MFU (W.D.Va. Aug. 4, 2010), ECF No. 278. In denying his motion, the Court did not substantially analyze this issue. In his § 3582 motion, Petitioner offered no case law suggesting any substantive law change, much less any retroactive application of any relevant law. The Virginia court stated:

> At the time Williams was sentenced, the court made clear that the 360-month sentence was driven by the fact that Williams used a high caliber weapon in an effort to take the life of another person with the result that he inflicted grievous bodily injury on Hudson. The court also emphasized that it believed the 360-month sentence was necessary to protect the public . . . . Assuming without deciding that the career offender guideline would not be applicable, Williams' guideline range would be 126 to 132 months. His sentence of 360 months is undeniably long and exceeds his guidelines sentence, were it to be calculated without the career offender enhancement. However, as discussed above, Williams' sentence was driven not by his status as a career offender, but by the nature of his attack on Turner and Hudson, and Hudson's resulting injury. Although his sentence exceeds the guidelines sentence he argues is applicable in his case and is longer than his statutory minimum sentence, the court finds that it continues to be appropriate given the nature of his offense.

*Id.* at 16–18.

The magistrate judge found that Petitioner could not meet the second prong of the *Wheeler* test, *i.e.*: specifically, that (i) the settled substantive law establishing the legality of the Petitioner's sentence changed and (ii) was deemed to apply retroactively on collateral review. Specifically, the Report specifically analyzed the main case cited by Petitioner: *United States v. Mathis.* There, the Supreme Court held that because the elements of Iowa's burglary law are broader than those of generic burglary, Mathis's convictions under that law could not qualify as predicate offenses for an enhanced sentence under the Armed Career Criminal Act ("ACCA"). *Mathis*, 136 S. Ct. at 2257. Specifically, the court found that Iowa's burglary statute is not "divisible"—i.e., it does not list multiple elements disjunctively, but rather enumerates various factual means of committing a single element—and has a broader locational element than generic burglary because it enumerates means of satisfying the locational element that are not included in the corresponding element of the generic offense. *Id.* at 2249-50. Moreover, because the Iowa burglary statute is not "divisible," the court held that the Eighth Circuit erred in applying the modified categorical approach to determine the means by which Mathis committed his prior crimes, thereby deciding whether they were appropriately counted as predicate offenses for an ACCA enhancement. *See id.* at 2251–54 (setting forth reasoning for adhering to an elements-only inquiry). The magistrate judge correctly found that *Mathis* is inapplicable here, noting that the Fourth Circuit has held that *Mathis* neither announced a substantive change to the law, nor has been held retroactively

applicable on collateral review. *See Muhammad v. Wilson*, 715 F. App'x 251, 252 (4th Cir. 2017); *Walker v. Kassell*, 726 F. App'x 191, 192 (4th Cir. 2018); *see also Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018).

Petitioner filed objections to the Report. ECF No. 11. However, Petitioner does not set forth any grounds disputing the Report's conclusion. In his objections, Petitioner does not assert any argument going to *Wheeler*'s second prong, *i.e.*, he does not cite any authority asserting that the settled substantive law has changed with regarding the use of his prior convictions as predicate offenses for the career offender enhancement and that any substantive change was deemed to apply retroactively on collateral review. Instead, he argues that *Wheeler* does not apply because (1) it is not the proper standard, and (2) he is actually innocent.[4]

First, Petitioner attempts to evade *Wheeler* by arguing in his objections that his claim falls outside *Wheeler* and "under the Exceptional Circumstance Standard; the Defective Standard; and the Miscarriage of Justice Standard[.]" ECF No. 11 at 4. It appears that these standards are based on the case of *Davis v. United States*, 417 U.S. 333 (1974) (analyzing whether an issue was cognizable under § 2255). The Court finds that there is no merit to this argument and that these purported standards neither refuted the magistrate judge's conclusion, nor require the Court to disregard the *Wheeler* test.

---

[4] The Court has deduced these arguments from Petitioner's objections, which are largely case citations and recitation of black letter law.

Page 8 of 10

Second, Petitioner "avers that he is actually innocent of the necessary and required predicate offenses to trigger the career offender enhancement under section 4B1.1 of the United States Sentencing Guidelines." ECF No. 1–1 at 4. The Court finds that this claim has no merit. Cognizable claims of "actual innocence" are *rare* and must be based on "factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010) (noting that to succeed on "actual innocence" grounds a petitioner must show that he "did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent"). By making the argument of "actual innocence" Petitioner seeks to obtain review of his claims by showing that his case falls into the "narrow class of cases implicating a fundamental miscarriage of justice." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997). In the present matter, Petitioner's "actual innocence" claim is facially inadequate because he has not "support[ed] his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, Petitioner does not, in fact, argue that he is actually innocent of the offenses in question. He merely argues that the two offenses were not valid predicates under section 4B1.1 of the United States Sentencing Guidelines. ECF No. 1–1 at 4. Accordingly, Petitioner cannot use "actual innocence" to bypass the gatekeeping requirements of the *Wheeler*

Test.

## CONCLUSION

Accordingly, after careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 8, is **ACCEPTED** and Petitioner's objections, ECF No. 11 are **OVERRULED**. This action is hereby **DISMISSED**.

IT IS SO ORDERED.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

January 23, 2023
Columbia, South Carolina